United States District Court
District of Connecticut
FILED AT BRIDGEPORT
7/15/2016 20
Roberta D. Tabora
By [signature]
Deputy Clerk

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*
*157 Church Street, 25th Floor*
*New Haven, Connecticut 06510*

*(203)821-3700*
*Fax (203) 773-5376*
*www.justic.gov/usao/ct*

July 15, 2016

Hubert J. Santos, Esq.
Santos & Seeley PC
51 Russ St.
Hartford CT 06106

Paul W. Shaw, Esq.
Verrill Dana
One Boston Place Suite 1600
Boston, MA 02108

Re: United States v. SRC Construction, Inc.
Criminal No.

Dear Attorneys Santos and Shaw:

This letter confirms the plea agreement between your client, SRC Construction, Inc. (the "defendant" or "the Company"), and the United States Attorney's Office for the District of Connecticut (the "Government" or "this Office") concerning the referenced criminal matter.

**THE PLEA AND OFFENSE**

The defendant SRC Construction, Inc. agrees to waive its right to be indicted and to plead guilty to a one-count Information charging the defendant with filing of a false corporate tax return, Form 1120, for the Company's tax year ending April 30, 2005, in violation of 26 U.S.C. § 7206(1), as set forth in detail below.

The defendant understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

1. The defendant SRC Construction, Inc., through its agents and/or employees, subscribed and filed the Form 1120 for fiscal year ended April 30, 2005;

2. The return contained a written declaration that it was made under penalty of perjury;

3. The defendant, through one or more of its agents and/or employees, did not believe the return to be true and correct as to every material matter; and

4. The defendant, through one or more of its agents and/or employees, acted willfully.

**THE PENALTIES**

This offense carries a maximum fine of $500,000, 26 U.S.C. § 7206, and a maximum term of probation of 5 years. 18 U.S.C. § 3561. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $500,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $400 on the count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. § 3572 (h), (i) and § 3612(g).

Restitution

SRC Construction agrees to file all unfiled tax returns for April 30, 2008 forward, and an amended/corrected Form 1120 for the tax year ending April 30, 2005, no later than the date of sentencing.

The defendant further agrees that restitution for the Form 1120 for the tax year ending on April 30, 2005 is $112,609 representing the tax loss of $112,609, as determined for purposes of the criminal case. The defendant agrees that it will cooperate with the IRS to file an amended/corrected return, as noted above, and pay all outstanding taxes, interest, and penalties with respect to the Form 1120 for the tax year ending April 30, 2005, reserving the right to contest any civil penalties that may be assessed.

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that it has no right to withdraw the guilty plea if the sentence or the Guideline application is other than anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Stipulation

Pursuant to Section 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation, which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guidelines Stipulation

The parties agree as follows:

The 2006 Guidelines Manual applies to the defendant's April 30, 2005 fiscal year tax return and is to be used to determine the applicable Guidelines range, if the Guidelines analysis is more advantageous to the defendant than the Guidelines Manual in effect at the time of sentencing.

The parties agree that restitution is due the IRS under Section 8B1.1 in the amount identified above in the section regarding restitution. The defendant agrees to pay the restitution on or before the date of sentencing.

The parties agree that a fine is applicable under Section 8C2.1. Under Section 2T1.1, the defendant is subject to a base offense level of 16 as the tax loss relating to the count of conviction for the fiscal year ending April 30, 2005 is between $80,000 and $200,000. Under Section 8C2.4, the defendant is subject to a base fine of $175,000. Under Section 8C2.5, the parties agree that the defendant is subject to a culpability score of 6 points, reflecting a base score of 5 and 1 point under Section 8C2.5(b)(5). The parties agree that the organization did not have an effective compliance and ethics program in place. The parties agree that the defendant cooperated in the investigation and accepted responsibility for its criminal conduct, warranting a 2 point reduction. Thus, the total culpability score is 4. Based on Section 8C2.6, the minimum

fine multiplier is .8 and the maximum fine multiplier is 1.6. Based on these calculations and the applicable statutory maximum, the minimum and maximum fine ranges, prior to any departures, is $140,000 to $280,000. The parties submit that, in weighing the factors set forth in Section 8C2.8, an appropriate fine would be $250,000. The defendant agrees to deposit the proposed fine with the Clerk of the Court prior to the date of sentencing.

The parties respectfully request the Court impose a term of Probation under Section 8D1.1 only to the extent that additional time is needed for SRC Construction to file accurate amended tax returns as noted in the restitution section above.

The parties further agree that a special assessment of $400 is appropriate.

The parties agree that neither a downward nor an upward departure from the sentencing range set forth above is warranted and that a sentence within the agreed range is reasonable. Accordingly, neither party will seek a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Probation Department consider a departure or adjustment not set forth herein, or suggest that the Court sua sponte consider a departure or adjustment not identified above.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that it will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties expressly reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence</u>

The defendant acknowledges that under certain circumstances it is entitled to challenge its conviction and sentence. The defendant agrees not to appeal or collaterally attack its conviction in any proceeding. Nor will it pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if the sentence does not exceed the proposed restitution ($112,609), fine ($250,000), probation, and the special assessment ($400) outlined above, even if the Court imposes such a sentence based on an analysis different from that specified above. The defendant acknowledges that it is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an

appropriate forum.

Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

Waiver of Right to Indictment

The defendant understands that it has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that it committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that it is knowingly and intelligently waiving its right to be indicted.

Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that it has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent it.

The defendant understands that it has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against it, the right not to be compelled to incriminate itself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in its defense. The defendant understands that by pleading guilty it waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if it pleads guilty, the Court may ask it questions about the offense to which it pleads guilty, and if it answers those questions falsely under oath, on the record, and in the presence of counsel, its answers may later be used against it in a prosecution for perjury or making false statements.

Waiver of Statute of Limitations

The defendant agrees that it waives all defenses based on the criminal statute of limitations with respect to the charge set forth in the Information.

**ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA**

The defendant acknowledges that it is entering into this agreement and is pleading guilty

freely and voluntarily because it is guilty. The defendant further acknowledges that it is entering into this agreement without reliance upon any discussions between the Government and it (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges its understanding of the nature of the offense to which it is pleading guilty, including the penalties provided by law. The defendant also acknowledges its complete satisfaction with the representation and advice received from its undersigned attorney. The defendant and its undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

**SCOPE OF THE AGREEMENT**

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to it with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving it.

**COLLATERAL CONSEQUENCES**

The defendant understands that it will be adjudicated guilty of the offense to which it has pleaded guilty and faces, and, despite to time lapse between now and the time of the charged offense, faces the possibility of debarment from participation in certain government contracts. The defendant understands that the Government reserves the right to notify any state or federal agency by which it is licensed, or with which it does business of the fact of its conviction.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH**

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of its participation in the conduct that forms the basis of the Information in this case.

The defendant understands that if, before sentencing, it violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw its plea of guilty.

**NO OTHER PROMISES**

The defendant acknowledges that defendant has received no other promises, agreements, or conditions other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties. This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

CHRISTOPHER W. SCHMEISSER
ASSISTANT UNITED STATES ATTORNEY

JENNIFER LARAIA
ASSISTANT UNITED STATES ATTORNEY

The defendant, SRC Construction, Inc., certified that it has read this plea agreement letter and its attachment(s), that it has had ample time to discuss this agreement and its attachments with counsel and that it fully understands and accepts its terms.

Paul Shaw
PAUL W. SHAW, ESQ.
As Authorized Representative for the Defendant SRC Construction, Inc.

July 15, 2016
Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client, who advises me that it understands and accepts its terms.

Paul Shaw
PAUL W. SHAW, ESQ.
Attorney for the Defendant

July 15, 2016
Date

## STIPULATION OF OFFENSE CONDUCT

The defendant SRC Construction and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the Information:

SRC Construction, Inc. ("SRC Construction" or "the Company"), established in 1988, with its principal place of business in Meriden, Connecticut, focused on real estate development and construction management, with most of SRC Construction's revenues during the relevant period coming from certain construction projects.

At all relevant times, the Company employed an internal accounting department that handled the general ledger, journal entries, and bank accounts for the business, including the receipt and payment of invoices. At least one individual employed by the Company was responsible for overseeing and coordinating the business and financial matters for the owner of the Company, who lacked formal training in accounting. During all relevant times, that individual and others under that individual's control reviewed payments made by the Company to employees, vendors and others, and directed how the items should be expensed. During all relevant times, that individual instructed others that most, if not all, invoices be paid out of Company funds, including a series of expenses that the individual knew were not deductible business expenses.

At the end of each fiscal year, that individual in the Company's accounting department was further responsible for collecting and providing to the Company's outside accountants all information to prepare audited financial statements and tax returns, including information identifying deductible business expenses. The individual provided the outside accountants with expense information, but knowingly included in the provided material a substantial number of non-deductible expenses without disclosing to the auditors they were non-business expenses. While the outside accountants spot-checked certain proposed deductible expenses in preparing the 2004 Form 1120 for fiscal year ending April 30, 2005, non-deductible expenses were not discovered. As a result, SRC Construction reported in its 2004 Form 1120 for fiscal year ending April 30, 2005 information that the Company knew was false, including information on the lines on the return reflecting costs of goods sold and total deductions, resulting in the overstating of expenses.

More specifically, on or about February 1, 2006, in the District of Connecticut, the defendant SRC Construction, Inc., did willfully make and subscribe a false corporate tax return, a 2004 Form 1120 for the fiscal year ending April 30, 2005, that was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, and which said tax return SRC Construction, Inc., did not believe to be true and correct as to every material matter in that the return overstated expenses on one or more lines of the relevant return, Line 2 (Cost of Goods Sold) and Line 27 (Total Deductions).

The parties agree that for the fiscal year ending April 30, 2005, the unreported corporate income totaled $296,642 and the tax loss was $112,609, as determined for purposes of the criminal case.

The written stipulation above is incorporated into the preceding plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client, who advises me that it understands and accepts its terms.

PAUL W. SHAW, ESQ.
As Authorized Representative for the
Defendant SRC Construction, Inc.

CHRISTOPHER W. SCHMEISSER
Assistant United States Attorney

PAUL W. SHAW, ESQ.
Attorney for the Defendant

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663(a)(3). The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

   The greater of -
   (I) the value of the property on the date of the damage, loss, or destruction; or

   (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

   A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

   B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

   C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay

restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3614; 3613A. The Court may also order that the defendant give notice to any victim(s) of its offense under 18 U.S.C. § 3555.